UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

CASE NO.: 08-19783-PGH

CHAPTER 13

In re: WOODIE H. THOMAS, III

    Debtor

vs.

Vision I Homeowners Association, Inc.

    Creditor
_____/



## OBJECTION TO THE CHAPTER 13 CONFIRMATION PLAN WITH AN EMERGENCY MOTION FOR CONTINUANCE PENDING DISCOVERY AND CREDITOR SETTLEMENT NEGOTIATIONS

    WOODIE H. THOMAS, III ("THOMAS"), the debtor in this case, hereby files this emergency objection to the Chapter 13 Confirmation Plan and moves for a continuance pending settlement talks with the new board of directors elected on October 21, 2008 for the VISION I HOMEOWNERS ASSOCIATION, INC ("VISION I") as the major creditor or, in the alternative, specially set a hearing on this motion or the debtor respectfully requests that the bankruptcy court accept jurisdiction for trial over the underlying district court case in Palm Beach County, Case No. 562007 CA001828XXX MB AG. The basis for the objection is stated below:

    1. The Confirmation Plan is contested by the debtor, THOMAS, as Mr. Fisher has refused to return numerous telephone calls and several e-mails for six weeks until a friend of the debtor, THOMAS, who knows Mr. Fisher hunted him down at his new office in Boca Raton, FL.

2. The debtor, THOMAS, is being railroaded through the Chapter 13 proceedings and seeks protection from the bankruptcy court for a full and fair hearing on the Chapter 13 Confirmation Plan to prevent the foreclosure and sale of homestead property.

3. The Chapter 13 filing for bankruptcy protection allows the debtor an opportunity to challenge the claims of creditors who have committed fraud or who are otherwise seeking to collect more than they are legally entitled.

4. There are two underlying state court cases. The first case is a challenge to the creditor, Vision I's, Final Judgment which is the subject of this Chapter 13 proceeding on appeal to the Fourth District Court of Appeal, Case No. 4D08-2668, L.T. No.: 502002CA002470XXRF AH that the Creditor, VISION I, is trying to collect monies in these bankruptcy proceedings and challenges the amount of the Final Judgment consisting thousands of dollars of special assessments and capital improvements never approved by the homeowners since the May 2005 trail under the association governing documents and Florida Statute 720.301 et seq.

5. The second case is a related case pending by the debtor, THOMAS, in 15h Judicial Circuit Court Case No. 562007CA001828XXX MB AG against the former homeowners association boards of directors and the association attorney for VISION I that alleges a civil conspiracy, aiding and abetting a breach fiduciary duty, fraudulent misrepresentation, negligence, breach of third party beneficiary contract, declaratory judgment, accounting and the destruction of evidence since 2001 to date in violation of the association governing documents and the Homeowners' Associations Florida Statute 720.301 et seq. to recover substantial damages on behalf of all creditors including VISION I and the debtor, THOMAS, as judgment creditor.

6. The former VISION I boards of directors have committed several unlawful acts since the May 2005 trial and the Final Judgment rendered September 8th 2005 includes new

capital improvements and the levy of additional special assessments not approved by the homeowners under the association governing documents and the Homeowners' Associations statute Chapter 720.301 making the total amount of the final judgment for assessments June 8th, 2008 incorrect.

7. Attached is a statement from the expert witness Patricia L. O. Gordon, CPA who has been practicing condominium and homeowner association accounting for over thirty (30) years for the State of Florida and troubled association has reviewed some of the VISION I financial records and made preliminary findings pending a review of all VISION I financial records. See Exhibit "A".

8. Mr. Fisher in the initial client interview made several representations regarding his skills and capabilities. The debtor initially filed the Chapter 13 bankruptcy documents himself. There were some errors in the documents. The debtor needed professional technical assistance with motions to lift the stays in two state court actions. Mr. Fisher, other than correcting the paperwork has done nothing.

9. Mr. Fisher was to file motions to lift the stays in the pending lower court cases and has not done so.

10. Mr. Fisher was to send out a discovery request for financial records followed by a deposition of the VISION I President, now the former President, and has failed to do so.

11. Mr. Fisher was to file a Notice of Advice to the Fourth District Court of Appeal and failed to do so until the undersigned counsel on behalf of himself as the debtor filed the Notice of Advice.

12. Mr. Fisher made no attempt to contact his client that the Confirmation hearing was postponed from Friday November 14, 2008 to November 17, 2008.

13. Until October 21, 2008 there was no board of director's election at VISION I since 2001 as required in the association governing documents.

14. The new VISION I board of directors has contacted the debtor, THOMAS, with a request to make a presentation to the new board of directors with Patricia L. O. Godron, CPA and then have settlement talks after the production of financial records for their own review and for the expert witness which financial records were not produced under Florida Statute 720.301 et seq. from a homeowner records request by two homeowners until the two homeowners were elected to the new board of directors and the old board members were voted out.

15. The new board of directors requested a time out of 60 days because of the holidays as its difficult to get the whole board together during the holidays and they need time to review the legal issues and the financial documents that were not produced to the two new board of directors as homeowners.

16. The new VISION I board of directors requested that THOMAS draft an interim agreement to continue the bankruptcy confirmation hearing pending settlement the negations and the production of financial records.

17. The financial records and documents are necessary to reach a settlement agreement.

18. The financial records are necessary for the debtor, THOMAS, to defend against the claims by creditor, VISION I, for the amounts of money claimed for the Chapter 13 Confirmation Plan.

19. The goal is dismissal not discharge of the Chapter 13 filing and recover substantial damages on behalf of all creditors including the debtor THOMAS as a result of the two state court actions.

(4)

20. The hearing on the Confirmation Plan is premature pending the production of financial records and settlement negotiations with the creditor, VISION I, newly elected board of directors.

Wherefore the undersigned debtor, THOMAS, respectfully requests that this court continue the Confirmation Hearing for sixty (60) days pending the settlement talks unless an agreement is reached or there is an impasse with the new VISION I board of directors or set for trial the underlying 15h Judicial Circuit Court Case No. 562007 CA001828XXX MB AG in the Bankruptcy Court or in the interest of justice specially set a one hour hearing to fully and fairly review the merits of this motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy hereof has been hand delivered to Alan J. Fisher, Esq., David A. Core, Esq. and Robin R. Wiener, Trustee on this November 17th 2008.

Respectfully submitted:

Law Office of Woodie H. Thomas, III, P.A.
Attorney and Counselor at Law
1603 Vision Drive
Palm Beach Gardens, Florida 33418
Office: (561) 622-2900

By: /s/ Woodie H. Thomas
Woodie H. Thomas, III, Ph.D., Esq.
Florida & Federal Bar No. 940216

Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true.

Woodie H. Thomas, III

(5)



## patricia l. o. gordon, certified public accountant

1224 u.s. highway one, suite g, north palm beach, fla. 33408   •   (561) 622-7401   •   fax: (561) 622-2016

November 13, 2008

To Whom It May Concern:

There are still ongoing issues with Vision One Association, which created the financial bind that is being addressed by this court.

The beginning of a new board has been elected. The issues:

1. Incorrect budgets including the lack or underfunding of reserves.

2. The fact that an audit was not done for the year ended December 31, 2007 even though income would have exceeded $400,000.00 and there wasn't a vote by homeowners to have a lesser report prepared as required by the new law effective July 1, 2007.

3. Elections have not been held for years.

4. Special assessments have been billed to the Homeowners without their consent as required by their documents.

5. Document required reserves have been ignored.

All the above issues will be addressed by the new Board, along with the judgement against Mr. Thomas.

Sincerely,

Patricia L.O. Gordon
Certified Public Accountant